In the United States federal
district Court for middle
district Montgomery, AL
36130

RECEIVED
2006 AUG 16 A 9: 39
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Lonnie Cammon #238498 )
    Plaintiff )  Civil Action No#
vs )  2:06 CV-674-WKW
Doctor Sediet and )
Prison Health Services )
    Defendants )

EXHIBIT "C"

### Affidavit And Motion of Plaintiff to Strike Defendants Motion to Dismiss FRCP Rule 56(e) At FRCP Rule 56

**I**

1) The Plaintiff is over the Age of Twenty-One, And is Competent to Testify to matters stated Here In

2) As And Answer to Defendants Motion of August 11, 2006, Where defendants seek's a more definite state

3) The Plaintiff Alledged That Doctor Sediet at Bullock Prison, was Deliberate Indifferent to Plaintiff Medical Needs, for 429 U.S. At 106

— 1 —

4) The Defendants Recieved A Copy of the 42 U.S.C. 1983 filed At 111 S.Ct. 2326 r 2327 the Defendants Is Aware that Bullock Prisons-(PMS) Prison Medical Service, Is A Person Within the Meaning of <u>Monell Vs. NY City Social Services</u> 436 U.S. ___ [,] <u>Goodson V. City of Atlanta</u>, 763 f.2d 1381 11th Cir 1985)

5) The Plaintiff Affidavit Here In on Personal Knowledge (FRCP) Rule 56(e) Admits, that (PMS) Has openaly Denied Plaintiff, Proper Medical Care, and Same Violated 429 U.S. At 106, Citing Smith V. Jenkins 919 f.2d 90-93 (5th Circuit 1990

6) Personal Knowledge By Plaintiff: Claim of Deliberate Indifference Stated By Actions that PMS & Doctor Sedret Deviated From Professional Treatment (1990 Citing Jackson V. Duckworth 955 f.2d 21-22 (7th Cir. 1992

- 2 -

7) Rising to the Level of Eight Amendment Claims the Plaintiff Invokes, Both the Objective and the Subjective Component, of (FRCP) Rule 56(e) ... In which the Act and Practice By the Defendant Is Prohibited Of ... Is the Intent ... to Deny Proper Medical Care Violated 935 f.2d 21-22 429 U.S. At 106

8) In Which The Total Defendant must Have Acted with Obduracy for III S.ct. 2326-2327 Citing Lugar V.S Edmondson Oil Co., 457 U.S. 922 At 937 where Defendants must be Classified As State Actors,

9) When The Acts In ... Bad Faith Manner, to Deny Any Inmate of Proper Medical Care.

—3—

10) Defendants motion to Dismiss must Be Denied, BECause on the face of Eightment Amendment Claim, the Plaintiff (FRCP) at 8(a)(2) Contends, By Defendants own Admissions, from Eastland to Bullock, All Previous Medical Help Has Been "denied Plaintiff;"

## Certificate of Service

I, Lonnie Cammon, 238498, did Here By Address the Defendants motion with More Definate statement As Requested, Fed Rules Evidence Rule 201

Done this August 12th, 2006 Placing Same In Office of United States Clerk P.o. Box 711, montgomery, AL 36130

Preamble:
FRCP 23(a):

/s/ Lonnie Cammon
#238498, P.O Box 5107
Union Springs AL 36089