EXHIBIT "C"

IN THE UNITED STATES DISTRICT
COURT FOR MIDDLE DISTRICT
United States Court P.O. Box 711
Montgomery, AL. 36089

1. Plaintiff Prose LONNIE CAMMON,
   AIS# 236498
2. Simiular Situated, Plaintiffs

VS                                    CV 2:06-CV-674-WKW

3. Doctor Sediet, etal Prison Health
   Services, Simiular Situated
                    DEFENDANTS

4)     Plaintiff Answer to Defendants
   Multipicable Exhibits And
5) PHS, Attachments, Retroactive
   Paper Work Admissions, ferp 36
6) and 56(e) frep 42 USC. 1983, 1981

7)                 Affidavit and Answer

The Plaintiff is 78 years, of age Inmate
who Has, Alledged under 42 USC 1983 suit
That His Action, Alledged In Exhibic "A"
that when Medication Is Not Doing A Inmate

- 4 -

Any Good., Federal Rules Civil Procedure Rule 86 The Complaint under 42 USC. 1983 must BE REAd as [W]Hole, the Plaintiff Alledge In and under Exhibit "A" Attachments

## I.

1) The medication Is not doing Any Good, And Same Admissions (FRCP) Rule 36
2) must BE REAd to Show Inadequate Medical Care, 429 U.S. At 106
3) Is the Applying of (Deliberate Indifference, to Inadequate Medical Care, must BE REAd As [W]Hole.

## II.

4) The Plaintiff has Proven the Has Been Denied Inadequate Medical Care, By (Exhibit "A") Showing

## III.

5) when medication Is Not Doing Any Good It does Amount to Inadequate Medical Care, For Premise Estell v. Gamble 429 U.S At 106, Applying RetroActive Deliberate Indifference

Frcp Rule 23(a) As [W]hole
III, IV

6) When the Court allow other simular situated Complaints, to Be Read By Frcp Rule 23(a) the Notice that the Class of Plaintiff's Been So Numberious, that It would Be Impossible to Serve all Class Represent-ives as Hole,

7) the Court must Appoint, A Maintaince Refree under (Frcp RULE 53)

8) Settlement Agreement
IV

The Plaintiff Lonnie Cammon #236498 does here By Agree to Settlement 28 U.S.C. 636 of His Genuine Issue, to Seek [A] Pre Trial Class Settlement of All Retro Active Complaints, for maintance Frcp Rule 56(c) and 65(a) of Frcp 28 U.S.C. 2201 & 2202 of Declatory Judgement Act

9) Maintance

The Plaintiff Seek 30 million In Settlement of Retro Active, Inadequate medical Care     /s/ Lonnie Cammon, Plaintiff
P.O. Box 5107, Union Springs, AL
36089

- 3 -


EXHIBIT "A"

# Prison Health Services

## REFUSAL OF TREATMENT FORM

Institution: _Bullock, I._

Resident's Name: _Lonnie Cannon_  ID# X _238498_

D.O.B. _[redacted]_                                                II

I, _Lonnie Cannon_ have, this day, knowing that I have a condition
   (Name of Inmate)

requiring medical care as indicated below:

- ___ A.  Refused medication.
- ___ B.  Refused dental care.
- ___ C.  Refused an outside medical appointment.
- ___ D.  Refused laboratory services.
- ___ E.  Refused X-Ray services.
- ___ F.  Refused other diagnostic tests
- ___ G.  Refused physical examination.
- _✓_ H.  Other (Please specify)

Reason For Refusal _The Medication is not doing any good_

III   429 US At 106

Potential Consequences Explained _yes_   [1]

FRCP 57, 36 Admissions

I acknowledge that I have been fully informed of and understand the above treatment recommendations and the risks involved in refusing them. I hereby release and agree to hold harmless the state, statutory authority, all correctional personnel, medical/health personnel from all responsibility and any ill effects which may result from this refusal and I shall personally assume responsibility for my welfare.

I have read this form and certify that I understand its contents.

_Linda Anderson_
Witness Signature

_Martha Jackson_                           X _Lonnie Cannon_
Witness Signature                            Patient Signature

_6-26-06_                                    _0600_
Date                                         Time

NOTE: A refusal by the resident to sign requires the signatures of at least one witness in addition to that of the medical staff member.

— 4 —

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LONNIE CAMMON, (AIS #236498), | * |
| | * |
| Plaintiff, | * |
| | * |
| V. | 2:06-cv-674-WKW |
| | * |
| DOCTOR SEDIET | |
| and PRISON HEALTH SERVICES, | * |
| | * |
| Defendants. | * |

## SPECIAL REPORT OF DEFENDANTS PRISON HEALTH SERVICES, INC. AND TAHIR SIDDIQ, M.D.

COME NOW Defendants Prison Health Services, Inc. (identified in the Plaintiff's Amended Complaint as "PMS Prison Medical Services") (hereinafter PHS) and Tahir Siddiq, M.D. (incorrectly identified in the Plaintiff's Complaint as "Doctor Sediet") in response to this Honorable Court's Order and present the following Special Report with regard to this matter:

*[handwritten: Fed Rule 56]*

### I. INTRODUCTION

*[handwritten: 8.]*

The Plaintiff, Lonnie Cammon (AIS# 236498) is a 76 year old inmate currently confined at Bullock County Correctional Facility located in Union Springs, Alabama. On July 31, 2006, Cammon filed a Complaint against Defendant PHS, the company that currently contracts with the Alabama Department of Corrections to provide healthcare to inmates at Bullock and other correctional facilities throughout the State of Alabama and Tahir Siddiq, M.D., Bullock's Medical Director, alleging that the nursing staff at Easterling Correctional Facility provided him with improper medication that caused him to have a stroke. (See Complaint). Pursuant to court order the Plaintiff amended his

*[handwritten: Retroactive]*

*[handwritten: 429 US at 106]*
*[handwritten: 8.]*

Complaint on August 23, 2006 to add claims that Dr. Siddiq failed to provide the Plaintiff with inappropriate medical care on August 5, 2006 and August 11, 2006. (See Amended Complaint). The Plaintiff further claims that Dr. Siddiq has acted inappropriately in failing to send him to a specialist for evaluation. (Id.) The Plaintiff demands that the Court issue an Order requiring that PHS send him to an "outside" care provider for unspecified medical treatment. (Id.) He also demands $100,000,000,000 in damages. (Id.)

As directed, the Defendants have undertaken a review of Plaintiff Cammon's claims to determine the facts and circumstances relevant thereto. At this time, the Defendants are submitting this Special Report, which is supported by a Certified Copy of Plaintiff Cammon's medical records (attached hereto as Exhibit "A"), the Affidavit of Tahir Siddiq, M.D. (attached hereto as Exhibit "B") and the Affidavit of Kay Wilson, R.N., H.S.A. (attached hereto as Exhibit "C"). These evidentiary materials demonstrate that Plaintiff Cammon has been provided appropriate medical treatment for his complaints at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

At all pertinent times, Lonnie Cammon (AIS# 236498) has been incarcerated as an inmate at Bullock and Easterling Correctional Facilities. (See Exhibits "A" – "C"). Cammon has been seen and evaluated by the medical or nursing staff at Easterling and Bullock, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at these facilities. (Id.)

Mr. Cammon has filed a Complaint in this matter alleging that Dr. Siddiq failed to provide him with appropriate medical care on August 5, 2006 and August 11, 2006. (See Amended Complaint). Mr. Cammon does not, however, specify how Dr. Siddiq has

2

failed to treat him appropriately. (Id.) He also states that that Dr. Siddiq has acted inappropriately in failing to refer him specialty evaluation. (Id.) Mr. Cammon's allegations are completely unfounded. (See Exhibits "A" & "B").

Mr. Cammon was transferred to Bullock County Correctional Facility on May 31, 2006. (See Exhibit "A"). Dr. Siddiq evaluated Mr. Cammon on June 1, 2006 for complaints of swelling in the left arm. (Id.) Dr. Siddiq provided Mr. Cammon with a physical evaluation and determined that he had swelling of the left elbow with tenderness. (Id.) He exhibited strong pulses. (Id.) Dr. Siddiq prescribed him a Decadron (corticosteroid) injection to combat swelling. (Id.) He was prescribed Naproxen for pain. (Id.) *In Lieu of Retroactive Strike 11.*

On June 2, 2006 fluid was taken from Mr. Cammon's elbow. (Id.) It was determined that he did not suffer from gout. (Id.) On July 10, 2006, Dr. Siddiq again evaluated Mr. Cammon and determined that his swelling was greatly reduced. (Id.) He exhibited good range of motion. (Id.) On July 17, 2006, Mr. Cammon presented again with swelling in the forearm. (Id.) Dr. Siddiq started Mr. Cammon on prednisone. (Id.)

Contrary to the allegations in his Complaint, Mr. Cammon did not present to the healthcare unit for treatment on either August 5, 2006 or August 11, 2006. (Id.) In fact, he did not present for treatment at all during the month of August 2006. (Id.) He presented to the healthcare unit again on September 11, 2006 with renewed complaints *11.* for elbow and back pain. (Id.) He refused further treatment at that time. (Id.) Specialty evaluation is not medically indicated for Mr. Cammon's treatment. (Id.) *429 US At 105 [4]*

Mr. Cammon has also alleged that the nursing staff at Easterling failed to provide him with appropriate medications during the year 2006 and, as a result of this failure, he

3

was caused to suffer a stroke. (See Complaint). Mr. Cammon's allegations are simply unfounded. (See Exhibits "A" - "C").

Mr. Cammon was maintained with numerous medications while incarcerated at Easterling during the year 2006. (See Exhibit "C"). Specifically, Mr. Cammon was prescribed Ditropan[1], NitroQuick/Nitroglycerin[2], Aspirin[3], Mevacor[4], Tylenol, KCL, Bactrim[5], Isordil[6], Lasix[7], Zantac[8], Prednisone[9], Feldene[10] Cosopt[11], Colchicine[12], Artificial tears, Miconazole Cream[13] and Bengay. (Id.) These medications were prescribed to Mr. Cammon by Easterling's Medical Director, Jean Darbouze, M.D., and were adjusted by Dr. Darbouze as warranted by his changing medical condition. (Id.) The nursing staff at Easterling gave Mr. Cammon his medications as prescribed. (Id.) There is no indication that any of Mr. Cammon's medications have caused him to suffer a stroke. (Id.)

All of Mr. Cammon's medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. (See Exhibits "A"-"C"). Mr. Cammon has been seen and evaluated by the medical or nursing staff, and he has been referred to an

---

[1] Ditropan is indicated to help control the symptoms of overactive bladder.
[2] Nitroglycerin dilates blood vessels to prevent angina.
[3] Prevention and treatment of stroke and heart attack.
[4] Mevacor is indicated for treatment of high cholesterol.
[5] Bactrim is an antibiotic.
[6] Isordil is prescribed to relieve or prevent angina pectoris. Isordil dilates the blood vessels by relaxing the muscles in their walls.
[7] Lasix is a loop diuretic (water pill) that prevents the body from absorbing too much salt, allowing the salt to instead be passed in urine.
[8] Zantac is in a class of drugs called histamine receptor antagonists. Zantac works by decreasing the amount of acid the stomach produces.
[9] Prednisone is used alone or with other medications to treat the symptoms of low corticosteroid levels (lack of certain substances that are usually produced by the body and are needed for normal body functioning).
[10] Feldene, a nonsteroidal anti-inflammatory drug, is used to relieve the inflammation, swelling, stiffness, and joint pain associated with rheumatoid arthritis and osteoarthritis.
[11] Cosopt lowers high pressure in the eye, a problem typically caused by the condition known as open-angle glaucoma. Cosopt works by reducing production of the liquid that fills the eyeball.
[12] Colchicine is used to prevent or treat attacks of gout.
[13] Miconazole cream is an antifungal type of antibiotic. Miconazole cream is used to treat fungal skin infections such as candida, ringworm, athlete's foot, and jock itch.

## Nursing Evaluation Tool: General Sick Call

**Patient Name:** Cannon, Lonnie
**Inmate Number:** 238498
**Date of Birth:** [redacted]
**Date of Report:** 7/17/06
**Time Seen:** 0600 AM/PM (Circle One)

**Subjective:**
Chief Complaint(s): "My whole side is swelling."
Onset: Chronic
Brief History: Pt c/o swelling to whole (L) side of body

**Objective:** Vital Signs: (As Indicated) T: 98  P: 98  RR: 20  B/P: 140/100  WT 136

Examination Findings:

**Assessment:** (Referral Status)    Preliminary Determination(s): Alteration in comfort
☐ Referral NOT REQUIRED
☑ Referral REQUIRED due to the following: (Check all that apply)
  ☑ Recurrent Complaint (More than 2 visits for the same complaint)
  ☐ Other:

Comment: You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of the appropriate care to be given.

**Plan:** Check All That Apply:
☑ Instructions to return if condition worsens. 429 U.S At Const Amendment 8th 47
☑ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up. ☑ YES ☐ NO (If NO then schedule patient for appropriate follow-up visits)
☐ Other:
OTC Medications given ☑ NO  ☐ YES (If Yes List):

Referral: ☐ NO ☑ YES (If Yes, Whom/Where):    Date for referral: 7/17/06
Referral Type: ☑ Routine  ☐ Urgent  ☐ Emergent (if emergent who was contacted?):    Time: 0600

x  KTyler, LPN    Name: Katherine Tyler, L

STATE OF ALABAMA            )

COUNTY OF _____       )

I, __Cynthia Rivers__, a Notary Public in and for said State and County, hereby certify that TAHIR SIDDIQ, M.D. who being known to me and who being duly sworn, and whose name is signed to the foregoing document, acknowledged before me on this date that being first informed of the contents of said document, having read the same, and understanding its purpose and effect, voluntarily executed the same upon the above-stated date.

SWORN TO and SUBSCRIBED BEFORE ME on this the 26th day of October, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 7/15/10

(NOTARIAL SEAL)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LONNIE CAMMON, (AIS #236498),   *

　　　　*

　　Plaintiff,
　　　　*

V.　　　　2:06-cv-674-WKW
　　　　*

DOCTOR SEDIET
and PRISON HEALTH SERVICES,
　　　　*

　　Defendants.
　　　　*

### AFFIDAVIT OF KAY WILSON, R.N., H.S.A.

12.

**BEFORE ME,** Grace M. Maloy, a notary public in and for said County and State, personally appeared **KAY WILSON, R.N., H.S.A.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Kay Wilson. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have been a licensed, registered nurse in Alabama since 1985. I hold a Bachelor's Degree in nursing from Troy State University. Since 1985, I have practiced nursing in a variety of positions and settings. In particular, I have worked as a nurse at Easterling Correctional Facility in Clio, Alabama, since March of 2001. Since November 3, 2003, I have been employed as the Health Service Administrator (H.S.A.) for Easterling Correctional Facility by Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

12.

Lonnie Cammon (AIS #236498) is an inmate who was incarcerated at Easterling Correctional Facility from August 22, 2005 through May 31, 2006 when he was transferred to Bullock County Correctional Facility. I am familiar with Mr. Cammon and have been involved with the medical and nursing services provided to him at Easterling. In addition, I have reviewed Mr. Cammon's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

It is my understanding that Mr. Cammon has filed a Complaint in this matter alleging that the nursing staff at Easterling failed to provide him with appropriate medications during the year 2006 and, as a result of this failure, Mr. Cammon was caused to suffer a stroke. Mr. Cammon's allegations are simply unfounded.

Mr. Cammon was maintained with numerous medications while incarcerated at Easterling during the year 2006. Specifically, Mr. Cammon was prescribed Ditropan[1], NitroQuick/Nitroglycerin[2], Aspirin[3], Mevacor[4], Tylenol, KCL, Bactrim[5], Isordil[6], Lasix[7], Zantac[8], Prednisone[9], Feldene[10] Cosopt[11], Colchicine[12], Artificial tears, Miconazole

---

[1] Ditropan is indicated to help control the symptoms of overactive bladder.
[2] Nitroglycerin dilates blood vessels to prevent angina.
[3] Prevention and treatment of stroke and heart attack.
[4] Mevacor is indicated for treatment of high cholesterol.
[5] Bactrim is an antibiotic.
[6] Isordil is prescribed to relieve or prevent angina pectoris. Isordil dilates the blood vessels by relaxing the muscles in their walls.
[7] Lasix is a loop diuretic (water pill) that prevents the body from absorbing too much salt, allowing the salt to instead be passed in urine.
[8] Zantac is in a class of drugs called histamine receptor antagonists. Zantac works by decreasing the amount of acid the stomach produces.
[9] Prednisone is used alone or with other medications to treat the symptoms of low corticosteroid levels (lack of certain substances that are usually produced by the body and are needed for normal body functioning).
[10] Feldene, a nonsteroidal anti-inflammatory drug, is used to relieve the inflammation, swelling, stiffness, and joint pain associated with rheumatoid arthritis and osteoarthritis.
[11] Cosopt lowers high pressure in the eye, a problem typically caused by the condition known as open-angle glaucoma. Cosopt works by reducing production of the liquid that fills the eyeball.
[12] Colchicine is used to prevent or treat attacks of gout.

Cream[13] and Bengay. These medications were prescribed to Mr. Cammon by Easterling's Medical Director, Jean Darbouze, M.D., and were adjusted by Dr. Darbouze as warranted by his changing medical condition. The nursing staff at Easterling gave Mr. Cammon his medications as prescribed. There is no indication that any of Mr. Cammon's medications have caused him to suffer a stroke.

Based on my review of Mr. Cammon's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that his medical conditions were evaluated and treated in a timely and appropriate fashion at Easterling Correctional Facility. At all times, myself and the other healthcare providers at Easterling exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care was adhered to at all times in providing medical care, nursing care, evaluation, and treatment to this inmate. At no time did I or any of the medical or nursing staff at Easterling deny Mr. Cammon any needed medical or nursing treatment, nor did we ever act with deliberate indifference to any serious medical need of Mr. Cammon. At all times, Mr. Cammon's medical conditions were addressed as promptly as possible under the circumstances."

Further affiant sayeth not.

KAY WILSON, R.N., H.S.A.

---

[13] Miconazole cream is an antifungal type of antibiotic. Miconazole cream is used to treat fungal skin infections such as candida, ringworm, athlete's foot, and jock itch.

STATE OF ALABAMA        )
                        )
COUNTY OF Barbour       )

Sworn to and subscribed before me on this the 26th day of October, 2006.

_____
Notary Public

My Commission Expires:

03/31/07.

15. Certificate of Service Affidavit 16.

I Lonnie Cammon #236498, P.O. Box 5107 Bullock Correctional Facility, Union Springs, AL. 36089 Done this October 31, 2006 Does, Here By Admit, I Have Read Both And All the Exhibits And Paper work to Streamline Same, to Show I Have Proven, I Have Been, Denied Proper Medical Care, that Same Amounted to Inadequate Medical Care

/s/ Lonnie Cammon
#236498
P.O. Box 5107
Union Springs, AL. 36089

Preamble;
FRCP 23(a)
Notice

16.  1.