In the United States District
Court for Middle District
P.O. Box 711, Montgomery, AL
36130

2006 NOV -8 A 9:26        November, 7th, 2006

Prose, #236498.

Lonnie Cammon, Plaintiff
Similar Situated, etal,
                    Plaintiff's

        vs

Tahir Siddiq M.D.
and PHS Documentation
etal " " , Defendants,
Similar Situated I, J etal

2:06 -CV-674- WKW

42 U.S.C. 1983, KKK Acts, 1871
[,]

Affidavit on Personal Knowledge FRCP Rule 56(e)
When Defendants Actions, Deviated ***"
From Professional Treatment Gave Rise Const. 8

                    I
            Grounds Under (1)

1).

I.  Smith v. Jenkins, 919 f.2d 90-93, (8th cir 1990) Valid
    Claim of Deliberate Indifference stated By Plaintiff.

II.  2) when defendants Actions, Deviated, from Professional Treat-
     ment, to Mr. Lonnie Cammon #236498, Is the Obduracy

III.  3) under, Jackson v. Duckworth, 955 f.2d 21,22 (7 cir 1992)
      Estelle v. Gamble, 429 U.S At 106 applying Both, the
      Subjective Component, and objective Component which...
   *. The wrong Doer, Is Clothes with authority of state Law -
      313 U.S. At 326, United States v. Classic, The Eighth
      Amendment, Prohibits, Acts or Practice, In which cruel
      and unusual Punishment Is (Inflicted)... or Establish

IV.  4) whether By Denying [a] 76 Year old Inmate of Proper
     medical care, Just Because, the wrong Doer, Believe
     the 76 Year old Is close to Death, Supports (Frcp) 56(e)

V.  5) The Intent to Deny, Any, young or older Inmate of
    Proper Medical Care, Violate, 6-3-2, and 6-3-11 [,]

VI.  6) Weaver v. Clark, 45 f.3d 1253 Precludes Finding of ***"
     Qualified Immunity where defendant deliberate Indifferent
     to medical Needs, only Because Inmates older Than
     75, Don't Require, Equal Treatment (Rhodes v. Chapman,

VII. 452 U.S. at 337, Is the acts or Practice, which they

VIII. should have knowned of a sufficiently serious Danger
      to Inmate Life, and fail to Respond, Medically, to Inmates
      Medical Needs, Violated Constitution, amendment 8th, 429
      U.S, At 106... [,]             /s/ Lonnie Cammon
    • See Attachments • -1-          P.O. Box 5107
                                     Union Springs, AL. 36089

<u>Certificate of Service</u>

I <u>Lonnie Cammon #236498</u>, P.O. Box 5107
UNIONSPRINGS, ALABAMA 36089
Did Hereby forward Same to Interested
Defendants, By 2nd Through the U.S.
Court Clerk, FRCP Rule 23 (a) Notices
to All Interested, Class members

Done This November 7th, 2006
By Placing Same In United States
Court Atmuse P.O. Box 711 C/o Defendants
Montgomery, Alabama 36089

                                    /S/ <u>Lonnie Cammon</u>
                                    <u>#236489 P.O. Box 5107</u>
                                    <u>UNIonsprings, AL 36089</u>

C/o Interested
Defendants
FRCP Rule 23, 39(a)

- 6-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LONNIE CAMMON, (AIS #236498),          \*

                                         \*

      Plaintiff,

                                         \*

V.                                   2:06-cv-674-WKW

                                         \*

DOCTOR SEDIET
and PRISON HEALTH SERVICES,          \*

      Defendants.                    \*

## ANSWER

COME NOW Defendants Prison Health Services, Inc. (identified in the Plaintiff's Amended Complaint as "PMS Prison Medical Services") (hereinafter PHS) and Tahir Siddiq, M.D. (incorrectly identified in the Plaintiff's Complaint as "Doctor Sediet") for Answer in the above styled matter and state as follows:

1.     The Defendants deny each and every material allegation contained in the Plaintiff's Complaint, as amended and demand strict proof thereof. *Smith v. Jenkins 919 f.2d 90-93)*

2.     The Defendants plead not guilty to the charges in the Plaintiff's Complaint, as amended. *By Medical Libility Acts 6-3-2, 6-3-11 [,]*

3.     The Plaintiff's Complaint, as amended fails to state a claim against the Defendants for which relief can be granted. *(Frcp Rule 8(a)(2). [,]*

4.     The Defendants affirmatively deny any and all alleged claims by the Plaintiff. *under Counter Part 18 U.SC. 241, 28 USC. 1343(a)*

5.     The Plaintiff is not entitled to any relief requested in the Complaint, as amended. *Smith V. Wade 461 U.S 30-75)*
*2). Weaver V. Clark, 45 f.3d 1253 precludes A finding of Qualified Immunity where Defendants were Deliberate Indifferent to 76 year old medical Needs.* — *2* —

6.    The Defendants plead the defense of qualified immunity and aver that the actions taken by the Defendants were reasonable and in ~~good~~ *Bad faith* faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff. *Harlow v. Fitgerald Supra*

7.    The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint, as amended that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right. *See Ground VI, VII, VIII.*

8.    The Defendants cannot be held liable on the basis of <u>respondeat superior,</u> agency, or vicarious liability theories. *Monell v. New York Social Services Supra*

9.    The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983. *By Policy under State Law*

10.    The allegations contained in the Plaintiff's Complaint, as amended against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases <u>against persons sued in their individual</u> *Rule 8(a)(2)* capacities. <u>See Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); *Void* <u>Arnold v. Board of Educ. Of Escambia County</u>, 880 F.2d 305, 309 (11th Cir. 1989). *. Void*

11.    The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity. *6-3-2, 6-3-11*

12.    The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama. *, medical Libility Act, If state Can get Sick* *1.*

13.    The Defendants plead the general issue. *3*

14.    This Court lacks subject matter jurisdiction due to the fact that even if the *4,* Plaintiff's allegations should be proven, the allegations against the Defendants would

*5.*

*4.*
*28 U.SC. 636*

*1.*
*6-3-2, 6-3-11*
*Code 1975*

*3.*
*FRCP Rule 56(e)*

*-3-*

*Smith v. Wade 461 US 30-75*

amount to mere negligence which is not recognized as a deprivation of the Plaintiff's

*28 U.SC. 2201 - 2202*

constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.    The Plaintiff's claims against the Defendants in their official capacities are

*Alabama Const 1901*

barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by

*II*

the Plaintiff herein and such remedies are constitutionally adequate.

17.    The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need. *FRCP Rule 36*

*III*

18.    The Defendants plead the affirmative defense that the Plaintiff's

*IV*

Complaint, as amended fails to contain a detailed specification and factual description of the acts and omissions alleged to render it liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

*V.*

19.    The Defendants plead the affirmative defenses of contributory negligence

*18 U.SC 241*

and assumption of the risk.

20.    The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

*18 U.SC. 242*

21.    The Defendants plead the affirmative defense that they are not responsible

*6-3-11*

for the policies and procedures of the Alabama Department of Corrections.

22.    The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

*6-3-2*

*42 USC 1983, 1985(c) L,N*

*-4-*

23.     The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and

*461 U.S. - 30,75*

that any such award would violate the United States Constitution. *Ala. Pol.*

24.     The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

*6-3-11*     *6-3-2*

25.     The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him.  See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendant's deliberate indifference

*429 U.S. At 106*

to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

*Does Not apply*

26.     The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27.     The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.     The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.  *28 USC 1343*

29.     Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks